47047.   GENERAL FINANCE CORPORATION v. DAVIS.
47048.   DAVIS v. OLD REPUBLIC LIFE
INSURANCE COMPANY.

Submitted April 3, 1972—Decided July 14, 1972—
Rehearing denied July 28, 1972.

■■   ■■■■■■■■■

*Swift, Currie, McGhee & Hiers, W. Wray Eckl,* for General Finance and Old Republic.

*Murray C. Underwood, J. Sidney Lanier,* for Davis.

BELL, Chief Judge. ■ In Case No. 47048, the plaintiff has enumerated as error the failure of the movant in not obtaining the sanction of the trial judge prior to filing the motion for summary judgment. Plaintiff argues that *Code* § 81-113 which provides for the mandatory sanction of the trial judge in any case in which extraordinary process or remedy shall be prayed shall be first obtained before process shall be issued or the remedy granted. This contention has no merit, as a motion for summary judgment is not an extraordinary process within the meaning of *Code* § 81-113, and the statute has no application to a motion for summary judgment. All procedural requirements for the filing of this motion were met in this case. CPA § 56.

With respect to the merits of the granting of the motion for summary judgment the plaintiff, although enumerating the grant as error, has failed to support this enumeration with any argument or citation of authority. Thus it must be deemed abandoned. The grant of the motion for summary judgment in Case No. 47048 is affirmed.

■ Case No. 47047. In order to review the denial of defendant General Finance's motion for summary judgment, it is necessary that the plaintiff's complaint be dissected as it contains more than one claim for relief.

■ The plaintiff alleges that the sale contract upon which the suit is based is infected with usury. Under its terms the plaintiff purchased this automobile for a total time price of $3,032.36, less a down payment in cash of $350, leaving a time balance of $2,682.36 and she agreed to make 36 equal monthly payments. From the very face of the contract,

over which there is no dispute as to its terms, it is apparent that this is a time-price contract and the law as to usury is not applicable. *Bowen v. Consolidated Mortgage &c. Corp.*, 115 Ga. App. 874, 877 (156 SE2d 168). There was no loan of money; plaintiff purchased time to pay for the automobile. Defendant has shown its right to judgment as to this phase of the case.

■ As concerns the refusal to furnish the title and the alleged loss in value of the car, it is to be noted that in one part of the complaint the plaintiff admitted that after payments during the two month period of disability in January and February, 1968, by the insurance company there remained a balance of $626.06 and that plaintiff thereafter paid to defendant, General Finance, the sum of $238.01. Then in the next breath plaintiff alleges that her payment record shows that there is only a balance due on the contract of $465.66. Plaintiff testified at her deposition that a balance was still outstanding on the time contract. Conceding that the plaintiff's allegation in the complaint that the balance due in accordance with her payment record was $465.66 and subtracting the sum she has admitted paying, $238.01, there is still a balance due on the contract of $127.05. Thus, it has been shown prima facie that the price of the automobile has never been paid and, therefore, General Finance Corp. had every right to retain the title to the car and to refuse the plaintiff's demands for it. There was no contrary showing. This being the case, the depreciation in the value of the car cannot be attributed to any wrongful act of General Finance Corp. Therefore, there is no genuine issue of material fact as to the allegation that General Finance Corp. was responsible for the alleged depreciation in the value of the automobile.

■ We turn now to the allegations in the complaint concerning the harrassment and embarrassment caused by the defendant General Finance's misconduct in calling her employer and writing "threatening collection letters." We construe these allegations to be a claim of an invasion of the plaintiff's right of privacy. In *Gouldman-Taber Pontiac v.*

*Zerbst,* 213 Ga. 682 (100 SE2d 881) the Supreme Court held that where communications by a creditor to the debtor's employer contain *reasonable* conduct and action necessary to collect a debt, the right of privacy has not been invaded. See also Annot. 33 ALR3rd 154. The only evidence in support of the motion as to this branch of the complaint is contained in the plaintiff's deposition. When asked about the threatening collection letters she answered that she did not recall them at the moment; and when asked if she has any copies of any of those letters she stated that one would have to ask her lawyers. The letters were never produced. The record does not show when the letters were written, to whom they were addressed, to her employer or to herself, and whether the contents were ever communicated to others, or whether or not these letters contained matter which exceeded the bounds of *reasonableness* so as to constitute an invasion of privacy. With respect to the allegation concerning phone calls to her employer, again the defendant, who has the burden of proof, has not shown when the calls were made and the contents of the communications. Plaintiff testified that she has not been called by General Finance Corp. personally in at least three years. Defendant relies upon this answer as showing the right to judgment as a matter of law on the pleaded defense of the running of the statute of limitation. However, it must be borne in mind that the allegations of her complaint which we must liberally construe in favor of the plaintiff show an alleged invasion of privacy by communications to others by phone calls and threatening collection letters. As to this facet of the case, there was no error in the denial of the motion for summary judgment as there are still factual issues present.

■ Plaintiff amended her complaint seeking $50,000 damages for attorney's fees for the defendant's bad faith. This particular item of damage is based upon the portion of defendant General Finance Corp.'s original answer in this suit. In paragraph 4 of the plaintiff's complaint she alleged that she was involved in an automobile accident and was

permanently disabled for a period of seven months. In answer to this paragraph the defendant stated that it was without knowledge sufficient to form a belief as to the truth of the averments of this paragraph of the plaintiff's complaint and therefore denied the same. In her amended complaint the plaintiff alleged that this defensive pleading "directly and affirmatively questions plaintiff's truthfulness and veracity" and because of this a great deal of additional work, time and effort was required to be put forth by plaintiff's counsel, and that the "defense" was made for the purpose of damaging and destroying plaintiff's reputation, with the consequence of bringing shame and disgrace to plaintiff and for the purpose of holding up plaintiff to the people at her place of employment as a woman without honor and as a dishonest person. This form of pleading used in the answer of defendant is expressly provided for in CPA § 8 (b) (*Code Ann.* § 81A-108 (b)) where defendant does not possess sufficient information to either admit or deny an allegation of the complaint. This language in defendant's answer cannot under these circumstances form a jury issue for the award of attorney's fees for bad faith. This part of the claim is groundless and defendant is entitled to judgment on it as a matter of law.

It is obvious from the foregoing that we affirm that part of the judgment which concerns the alleged tort of an invasion of privacy; but we reverse the trial court with respect to the allegations of usury, the wrongful refusal to tender the title and the issue concerning the depreciation of the car, and the claim for attorney's fees based upon defendant's answer to plaintiff's original complaint, and direct that the trial court enter an appropriate order granting judgment in favor of the defendant as to these issues of the case which will leave as the only trial issue the alleged invasion of privacy.

*Judgment affirmed in part; reversed in part with direction in Case No. 47047. Judgment affirmed in Case No. 47048. Evans and Stolz, JJ., concur.*