619 F.2d 1099
 FEDERAL DEPOSIT INSURANCE CORPORATION, Liquidator of
Hamilton National Bank Chattanooga, and Kyle R.
Weems, Trustee of Hamilton Mortgage
Corporation, Plaintiffs-Appellees,
v.
NEW LONDON ENTERPRISES, LTD., a Georgia Corporation, Wayne
H. Mason, James D. Mason and James F. Phillips,
Defendants-Appellants.
 No. 78-1399.
 United States Court of Appeals,
Fifth Circuit.
 June 25, 1980.
 
 John W. Gibson, Fred L. Somers, Jr., Atlanta, Ga., for defendants-appellants.
 Hansell, Post, Brandon & Dorsey, Lowell H. Hughen, Thomas E. Prior, Atlanta, Ga., for Federal Deposit Ins. Corp. and Kyle R. Weems, Trustee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before GEE, TJOFLAT and ANDERSON, Circuit Judges.
 R. LANIER ANDERSON, III, Circuit Judge:
 
 
 1
 New London Enterprises, Ltd., Wayne H. Mason, James D. Mason, and James F. Phillips, defendants-appellants, appeal the confirmation of a nonjudicial sale of a parcel of land located in Gwinnett County, Georgia. They claim error in that (1) subject matter jurisdiction does not obtain, (2) the court below improperly denied them a jury trial, and (3) the court erred in denying their motion for continuance for time to complete discovery. Finding that jurisdiction does obtain and no error on the part of the trial court, we affirm the confirmation.[1]
 
 
 2
 New London Enterprises, Ltd. executed a note to Hamilton Mortgage Corporation on December 14, 1973, in the amount of $207,000. Payment of this note was guaranteed by defendants-appellants Wayne H. Mason, James D. Mason and James F. Phillips, individually. To secure this indebtedness to Hamilton Mortgage, New London conveyed by deed to secure debt certain real property in Gwinnett County, Georgia. After this indebtedness went into default, the Federal Deposit Insurance Corporation (FDIC), as liquidator of Hamilton National Bank of Chattanooga, and Kyle R. Weems, Trustee of Hamilton Mortgage Corporation, as successors to Hamilton Mortgage Corporation, advertised the property for sale, and conducted a nonjudicial foreclosure sale of the property by public outcry on the steps of the Gwinnett County Courthouse. At the sale, Weems and the FDIC purchased the property for a bid price of $175,000. Weems and the FDIC thereupon timely filed an Application in federal district court to confirm the sale pursuant to Ga.Code Ann. §§ 67-1503 05. After an evidentiary hearing, the court below confirmed the sale.
 
 
 3
 I. Subject Matter Jurisdiction.
 
 
 4
 In their Application to the district court and now on appeal, Weems and the FDIC allege jurisdiction pursuant to 12 U.S.C.A. § 1819 and 28 U.S.C.A. § 1348.[2] New London and the other defendants-appellants (hereinafter collectively "New London") counter that neither § 1819 nor § 1348 establish federal jurisdiction in a Georgia confirmation proceeding. New London argues that a Georgia confirmation proceeding is not a judicial controversy and has such peculiar characteristics that it comes neither within the scope of "suits of a civil nature at common law or in equity" as that phrase is used in § 1819 nor within the scope of "civil action" as that phrase is used in § 1348.[3] With respect to § 1819, New London raises essentially the same arguments this panel has considered this date in Weems v. McCloud, Nos. 78-1540 and 78-1541, 619 F.2d 1081. For the reasons given in Weems v. McCloud, we hold that jurisdiction over a Georgia confirmation proceeding does obtain under 12 U.S.C.A. § 1819.[4] Having found jurisdiction under § 1819, it is unnecessary for us to address the question of whether jurisdiction obtains under § 1348.[5]
 
 II. Right to Jury Trial
 
 5
 New London appeals the trial court's denial of its demand for a jury trial. It is conceded that a right to a jury trial does not exist in confirmation proceedings brought in the state courts of Georgia. Kilgore v. Life Insurance Co. of Georgia, 138 Ga.App. 890, 227 S.E.2d 860 (1977). Since this case has been brought in federal court, though, we must look to the Seventh Amendment to determine the right to trial by jury. Byrd v. Blue Ridge Rule Electric Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).
 
 
 6
 The Seventh Amendment states, "In suits at common law, where the value and controversy shall exceed twenty dollars, the right to trial by jury shall be preserved." Although the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791, it has long been settled that the right extends beyond the common-law forms of action recognized at that time. Curtis v. Loether, 415 U.S. 189, 193, 94 S.Ct. 1005, 1007-1008, 39 L.Ed.2d 260 (1974). Loether notes that Mr. Justice Story established the basic principle in 1830:
 
 
 7
 The phrase "common law" found in (the Seventh Amendment) is used in contradistinction to equity, and admiralty and maritime jurisprudence . . . . By common law, (the Framers of the Amendment) meant . . . not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered . . . . In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights.
 
 
 8
 Loether, at 193, 94 S.Ct. at 1007-1008 quoting Parsons v. Bedford, 3 Pet. 433, 446-447, 7 L.Ed. 732 (1830) (emphasis in original). Where a legislature creates an action unheard of at common law, the Seventh Amendment requires a trial by jury if that action involves rights and remedies of the sort traditionally enforced in an action at law. Pernell v. Southall Realty, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).[6] Statutory actions creating a right to recover damages have been held to be actions enforcing legal rights. Curtis v. Loether, supra. Of importance in ascertaining the character of a statutory action is the nearest historical analogue. Pernell v. Southall Realty, supra; Ross v. Bernhard, supra ; 9 Wright and Miller, Federal Practice & Procedure: Civil, § 2302.
 
 
 9
 Applying the above test, we find that New London has no right to a jury trial.[7] First, the possible actions of the court, i. e., confirm the sale, refuse to confirm the sale, or order a resale, are equitable in nature, and in no way have the characteristics of legal remedies. Second, a Georgia confirmation proceeding is most similar to stages in a proceeding to foreclose a mortgage or a lien.[8] In Gefen v. United States, 400 F.2d 476 (5th Cir. 1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 990, 22 L.Ed.2d 123 (1969), this Court, holding there was no right to a trial by jury in a foreclosure pursuant to a United States tax lien, noted "Foreclosure of the mortgagor's equity of redemption was an established head of equity jurisdiction well before 1791 . . . and this necessarily embraced the determination of the amount and validity of the mortgage debt." 400 F.2d at 478, quoting Damsky v. Zavatt, 289 F.2d 46 (2d Cir. 1961). In Rozelle v. Connecticut General Life Insurance Co., 471 F.2d 29 (10th Cir. 1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314 (1973), the Tenth Circuit held that foreclosure actions are equitable in nature and thus do not carry the right to a trial by jury. Since a Georgia confirmation proceeding provides no remedies of a legal nature, since it is most similar to stages in foreclosure actions, and since foreclosures were well rooted in equity before 1791, we hold that New London does not have a right to a trial by jury.
 
 
 10
 III. Denial of New London's Motion for Continuance
 
 
 11
 On October 6, 1977, New London (including each of the defendants-appellants) was served with a copy of the Application as well as a copy of the order of the district court directing that a hearing be held on November 2, 1977. Because New London filed a motion to dismiss and a motion for summary judgment on October 26, the hearing was stayed. On December 1, 1977, New London was notified that its motions had been denied and a hearing had been set for December 12. On December 6, New London filed a motion for a continuance for the purpose of discovery on the grounds that local rule 181.1 of the district court entitled them to at least four months of discovery after the filing of an answer.[9] The court denied this motion on December 7. On December 9, New London filed its answer setting out various defenses to the Application, and the hearing on the merits began on December 12.
 
 
 12
 New London argues on appeal, as it did to the district court, that local rule 181.1 gives it a right to four months discovery after filing an answer. New London misconstrues this rule. The rule clearly requires the prompt initiation and completion of discovery, and gives a party to litigation a maximum of four months discovery. If the party wishes more discovery, it must obtain the permission of the court. Nothing in the rule prohibits a trial judge from shortening the time allowed for discovery.
 
 
 13
 As the only grounds for a continuance presented to the trial court was local rule 181.1, we will not consider the other grounds now offered by appellants for the first time on appeal.[10]
 
 
 14
 For the reasons above, the district court's decision is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This case contains issues similar to those in two cases, both styled Weems v. McCloud, Nos. 78-1540 and 78-1541, 619 F.2d 1081, decided this date by this panel. Reference is made to Weems v. McCloud for a discussion of the nature of Georgia confirmation proceedings and for the text of Ga.Code Ann. §§ 67-1503 05, creating confirmation proceedings and specifying the issues which may be litigated therein
 
 
 [2]
 The pertinent part of 12 U.S.C.A. § 1819 (West 1969) reads as follows:
 § 1819. Incorporation; powers; seal
 Upon June 16, 1933, the Corporation (FDIC) shall become a body corporate and as such shall have power
 Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy . . . .
 28 U.S.C.A. § 1348 (West 1976) reads as follows:
 § 1348. Banking association as party
 The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.
 All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.
 
 
 [3]
 Because of the peculiarities of a Georgia confirmation proceeding, we asked the parties in this case to submit briefs on whether it would be appropriate for federal courts to abstain from such proceedings. After a review of the authorities, we conclude abstention would not be proper in this case. We note that abstention is an extraordinary doctrine and a narrow exception to the duty of a district court to adjudicate a controversy before it. County of Alleghany v. Mashuda Co., 360 U.S. 185, 99 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). Also, a Georgia confirmation does not come within any of the three classifications the Supreme Court recently noted in Colorado River Water Cons. District v. United States, 424 U.S. 800, 814-817, 96 S.Ct. 1236, 1244-1246, 47 L.Ed.2d 483 (1976), where abstention is appropriate: (1) in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law, (2) in cases where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, and (3) in cases where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. Relevant to our determination is the Supreme Court's holding that abstention is not appropriate in state eminent domain proceedings, County of Alleghany, supra, where local judges would be expected to have more familiarity with local land values than federal judges
 
 
 [4]
 An additional argument New London gives as to why jurisdiction does not obtain is that Weems and the FDIC failed to follow the procedure required by Ga.Code Ann. § 67-1503 in their initiation of the confirmation proceeding. § 67-1503 requires that the party instituting the confirmation proceeding "report the sale to the judge of the superior court of the county in which the land lies for confirmation" within 30 days of the nonjudicial sale. New London contends that the Application made by Weems and the FDIC to initiate this confirmation was merely filed with the clerk of the court, and was not reported to a judge as required by the statute. Dukes v. Ralston Purina Company, 127 Ga.App. 696, 194 S.E.2d 630 (1972). This argument is without merit. Moreover, the record indicates that the Application was submitted to, and read by, Judge Henderson on the same day it was filed with the clerk of the court
 
 
 [5]
 We note that those district courts which have addressed this question have consistently either held or noted in dictum that jurisdiction would obtain under § 1348. FDIC v. Realtrac, Inc., C.A. No. C77-12A (N.D.Ga., May 25, 1977) (J. Henderson); FDIC v. M. O. Lee Construction Co., Inc., C.A. No. CV477-115 (S.D.Ga., October 4, 1977) (J. Lawrence); FDIC v. Four Oaks Construction Corp., C.A. No. C77-1256A (N.D.Ga., October 31, 1977) (J. Freeman); FDIC v. M. C. Honea, Jr., Inc., 440 F.Supp. 1064 (N.D.Ga.1977) (J. O'Kelley)
 
 
 [6]
 In Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), whether an issue was legal in nature was said to depend upon pre-merger custom with respect to such questions, the remedy sought, and the practical abilities and limitations of juries. Id. at 538, n. 10, 90 S.Ct. at 738, n. 10
 
 
 [7]
 Federal Deposit Insurance Corporation, Liquidator of the Hamilton National Bank of Chattanooga v. Nash & Nagel, Inc., Harry M. Nash, and Bob E. Nagel, C78-1632A (N.D.Ga. Feb. 13, 1979), is in accord with this holding
 
 
 [8]
 New London argues that comparisons with mortgage foreclosures are irrelevant since a Georgia security deed conveys legal title rather than an equitable interest. Be that as it may, the analogue most closely resembling a Georgia confirmation is that of foreclosure on a mortgage. Since it is historical analogues to which we must look to determining the nature of a statutory action, we believe the comparison is valid
 
 
 [9]
 Local rule 181.1 reads as follows: "Time Limitations. Any desired discovery procedures shall be commenced promptly, pursued diligently and completed without unnecessary delay and within four months after the filing of the answer unless for cause shown the time has been extended by the Court."
 
 
 [10]
 New London asserts for the first time on this appeal that the district court abused its discretion in failing to allow time for discovery as provided under the Federal Rules of Civil Procedure. Because this issue was not argued in the court below, we need not reach the question of the extent to which the general discovery provisions of the Federal Rules apply to Georgia confirmation proceedings brought in federal courts. Reference is made to Weems v. McCloud, supra, in which we hold that Fed.R.Civ.P. 13 regarding counterclaims is not strictly applicable to Georgia confirmation proceedings because of their summary nature