**Leah B. SIBLEY, Plaintiff-Appellant,**

v.

**FULTON DEKALB COLLECTION SERVICE, Defendant-Appellee.**

No. 81–7612.

United States Court of Appeals, Eleventh Circuit.

June 4, 1982.

Bowen, Derrickson, Goldberg & West, Frank L. Derrickson, Atlanta, Ga., for plaintiff-appellant.

Marilyn G. Alexander, Decatur, Ga., for defendant-appellee.

Louis K. Polonsky, Atlanta, Ga., for amicus/Gen. Claims & Medical Adjustments, Inc.

Before FAY, VANCE and ARNOLD *, Circuit Judges.

VANCE, Circuit Judge:

Appellant, Leah B. Sibley, sued appellee, Fulton DeKalb Collection Service (hereinafter "Fulton") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o, seeking actual damages, statutory damages, attorneys' fees and costs. Sibley made a timely demand for trial by jury under Fed.R.Civ.P. 38. At the outset of trial the court announced on its own motion and over Sibley's objection that it was denying the demand for jury trial.[1] Trial was had before the court without a jury at the conclusion of which judgment for defendant was entered. Sibley appeals.

■ A single question is presented to this court: whether a party upon timely demand is entitled to a jury trial in an action

---

* Honorable Richard S. Arnold, U. S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Another judge of the same district court has reached the opposite result, holding that the demanding party is entitled to a trial by jury. *Whatley v. Universal Collection Bureau, Inc.*, No. C81–684A (N.D.Ga., Jan. 28, 1982) (order granting motion for jury trial).

for damages under the Fair Debt Collection Practices Act. We hold that a party is so entitled and we therefore reverse the judgment of the district court and remand for a new trial.

■ The Fair Debt Collection Practices Act creates a new statutory cause of action that entitles the victim of prohibited practices to obtain various types of relief. There are two possible sources of a right of trial by jury for such a statutory cause of action. Congress may provide for trial by jury in the statute that creates the claim irrespective of whether the claim involves rights and remedies of the type traditionally enforced in a court of law before a jury. Alternatively, if the claim involves rights and remedies of the sort traditionally enforced in an action at law, the seventh amendment requires that the right to jury trial be preserved. *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974); *Federal Deposit Insurance Corp. v. New London Enterprises*, 619 F.2d 1099, 1102–03 (5th Cir. 1980).

Fulton argues that neither the Fair Debt Collection Practices Act nor the Constitution entitles a party to the right of trial by jury in an action under the Act. Fulton's first argument is based upon its reading of congressional intent. It argues that since Congress was silent as to the role of juries under the Act and provided only that damages be determined "in such amount as the *Court* may allow," [2] Congress intended that a judge, not a jury, try cases under the Fair Debt Collection Practices Act. The second argument is based upon Fulton's reading of the seventh amendment. It argues that since an action for unfair debt collection practices has no close historic analogue at common law, the seventh amendment does not supply the right to trial by jury where, as here, Congress has not seen fit specifically to provide it.

The thrust of the first argument is that if Congress had intended to allow trial by jury under the Act, it would have said so. The statute that Fulton cites to demonstrate this hard and fast rule of statutory construction is an unfortunate example for appellee's cause. The Great Lakes Act, 28 U.S.C. § 1873, made explicit provision for jury trial. But this provision applies to a proceeding in admiralty. In its absence there clearly would be no entitlement to a jury. Citation of this example equally supports an argument inimical to Fulton's position: that Congress finds it necessary to provide expressly for the right to trial by jury only when the right would not exist but for that express provision.

■ The primary difficulty with Fulton's first argument is that legislative silence on the role of juries like that evinced by Congress in the Fair Debt Collection Practices Act seems to be the rule rather than the exception. It has been frequently determined, however, that the word "court," used in the Act and in the remedial portions of numerous other statutes, encompasses trial by both judge and jury rather than by judge alone.[3] In this case, we likewise

2. 15 U.S.C. § 1692k(a)(2)(A) (emphasis supplied). Section 1692k(a) provides in its entirety:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

3. *E.g., Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965); *Pons v. Lorillard*, 549 F.2d 950, 952

choose to interpret the word "court" to encompass trial by both judge and jury. This interpretation serves to avoid the serious constitutional questions that would be raised under the seventh amendment if we adopted a construction of the Act that prohibited trial by jury. *See Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978); *Rogers v. Loether*, 467 F.2d 1110, 1124 (7th Cir. 1972), *aff'd sub nom. Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). This brings us to the second argument advanced by Fulton to support the district court's ruling and the one that is most fundamentally in error.

■ The seventh amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." This right extends beyond common law causes of action that existed at the time of the amendment's adoption. The matter was put to rest over 150 years ago in the frequently quoted language of Justice Story:

> The phrase "common law," found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence.... By *common law*, [the Framers of the Amendment] meant ... not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered .... In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights.

(4th Cir. 1977), *aff'd*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Rogers v. Loether*, 467 F.2d 1110, 1122–23 (7th Cir. 1972), *aff'd sub nom. Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). *Cf. Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 119 (4th Cir. 1981) (" 'court' could mean either 'judge' singu-

*Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830) (emphasis in original). Fulton nevertheless contends that in *Pernell v. Southall Realty*, 416 U.S. at 363, 94 S.Ct. at 1723, the Supreme Court limited the right to causes of action which at least had a close historical analogue at common law in 1791. Our reading of *Pernell* is quite different:

> Whether or not a close equivalent to § 16–1501 existed in England in 1791 is irrelevant for Seventh Amendment purposes, for that Amendment requires trial by jury in actions unheard of at common law, provided that the action involves rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty.

416 U.S. at 375, 94 S.Ct. at 1729.

■ Courts examine historical analogues to a statutory cause of action for one limited purpose: to ascertain whether the statutory claim more closely resembles an action at law that was decided historically by a jury or an action in equity that was decided historically by the judge. In addition, courts will consider whether the relief requested by the plaintiff is traditionally granted by a jury at law or by a judge in equity. *See Federal Deposit Insurance Corp. v. New London Enterprises*, 619 F.2d at 1102; *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 225 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), a case which presented a closer question than the one now before us, the Court applied this two-part analysis to determine whether the seventh amendment entitled a party to a jury trial in an action for damages brought under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3612. That statute provides:

larly or 'judge and jury' in tandem"); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 225 n.26 (4th Cir.) (same conclusion), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). *But see Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1177 (9th Cir. 1977).

The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees. . . .

The Court's treatment of the seventh amendment's application was unequivocal: "Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." 415 U.S. at 194, 94 S.Ct. at 1008. Notwithstanding that Title VIII provides first for equitable relief—a feature not present in the Fair Debt Collection Practices Act—the Court held that the cause of action was analogous to a number of tort actions. *Id.* at 195, 94 S.Ct. at 1008. It considered equally important the fact that the actual and punitive damages sought by the plaintiff were the traditional form of damages sought in courts of law. *Id.* at 195–96, 94 S.Ct. at 1008–09.

 The thrust of the Fair Debt Collection Practices Act is prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts.[4] The relief sought is money damages—the traditional form of relief offered in the courts of law.[5] Indeed, equitable relief is not available to an individual under the civil liability section of the Act.

We conclude that the Act's reference to an allowance of damages by the court must be construed to embody the right of trial by jury. This construction serves to avoid serious constitutional questions under the seventh amendment regarding the remedial scheme of the Act. The district court's denial of Sibley's motion for a jury trial necessitates reversal and remand for a new trial.

REVERSED and REMANDED.

---

4. Actions involving collection abuses, such as are the target of the Act, have traditionally been viewed as sounding in tort. *See Santiesteban v. Goodyear Tire & Rubber Co.,* 306 F.2d 9 (5th Cir. 1962) (applying Florida law); *Moore v. Greene,* 431 F.2d 584 (9th Cir. 1970) (applying California law); *Hill Grocery Co. v. Carroll,* 223 Ala. 376, 136 So. 789 (1931); *Ford Motor Credit Co. v. Sheehan,* 373 So.2d 956 (Fla. App.), *cert. dismissed,* 379 So.2d 204 (Fla. 1979); *General Fin. Corp. v. Davis,* 126 Ga. App. 821, 191 S.E.2d 865 (1972); *Dawson v. Associates Fin. Servs. Corp.,* 215 Kan. 814, 529 P.2d 104 (1974); *Boudreaux v. Allstate Fin. Corp.,* 217 So.2d 439 (La.App.1968); *Summit Loans, Inc. v. Pecola,* 265 Md. 43, 288 A.2d 114 (1972); *Tollefson v. Price,* 247 Or. 398, 430 P.2d

990 (1967); *George v. Jordan Marsh Co.,* 359 Mass. 244, 268 N.E.2d 915 (1971); *Duty v. General Fin. Co.,* 154 Tex. 16, 273 S.W.2d 64 (1954); *Warschauser v. Brooklyn Furniture Co.,* 159 App.Div. 81, 144 N.Y.S. 257 (1913); *Callarama v. Associates Discount Corp.,* 69 Misc.2d 287, 329 N.Y.S.2d 711 (Sup.Ct.1972); *Crews v. Provident Fin. Co.,* 271 N.C. 684, 157 S.E.2d 381 (1967); *Moorhead v. J.C. Penney Co.,* 555 S.W.2d 713 (Tenn.1977).

5. Plaintiff does not contend and we do not imply that the statutory award of attorneys fees would be a matter for submission to a jury.