**Ramona Ann SCHIMMEL, on behalf of herself and all other similarly situated, Plaintiff,**

v.

**William N. SLAUGHTER, et al., Defendants.**

**No. 3:94–cv–60 (WDO).**

United States District Court, M.D. Georgia, Athens Division.

Sept. 8, 1997.

Tony James Foss, Augusta, GA, Barry Gordon Irwin, Athens, GA, for Ramona Ann Schimmel.

H. Clifton Cobb, Atlanta, GA, James Ernest Hudson, Athens, GA, Daniel P. Shapiro, David Joel Chizewer, Chicago, IL, for William N. Slaughter and Credit Bureau of Athens, Inc.

Barry Gordon Irwin, Athens, GA, for Alice Johnson.

### ORDER

OWENS, District Judge.

In this class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("The Act"), the court has

granted summary judgment on the issue of liability in favor of the plaintiffs, holding that the subject letter violated several provisions of the Act. Now before the court is the issue of the proper damages provision to be included in the class notice. The court has reviewed the parties' briefs on the issue, as well as the relevant statutory and case law. Having carefully considered the matter, the court issues the following order.

Plaintiffs argue that they are entitled to actual damages in addition to statutory damages and attorney's fees. According to plaintiffs, as part of the actual damages award, defendants should be forced to disgorge any fees paid to the defendants over and above the amount paid to the original creditors in satisfaction of the underlying debts, as these fees constitute an "unjust enrichment" of defendants. Defendants argue that no actual damages are available because no class members can show they suffered actual harm as a result of the collection letter. Alternatively, defendants assert that because each class member must prove the elements required to recover actual damages separately, the issue of actual damages is inappropriate for resolution as a class.

The damages provision of the Act, 15 U.S.C. § 1692k, provides:

### Amount of damages

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damages sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

### Factors considered by court

(b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

\* \* \* \* \* \*

■ in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

15 U.S.C. § 1692k (a) and (b).

■ Plaintiffs' argument for "unjust enrichment" money as a component of actual damages fails for several reasons. First, equitable relief is not available under this section. *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830, 834 (11th Cir.1982). Second, even if equitable relief were available, an unjust enrichment theory does not apply here. That theory applies when a defendant receives a benefit to which he is not entitled, as in the case where he is paid for services that were not in actuality performed. BLACK'S LAW DICTIONARY at 1535–36 (6th ed. 1990). Here, the collection took place, and the fact that the letter violated the Act makes the collection illegal and subject to the penalties imposed by the Act, but does not indicate application of the unjust enrichment doctrine. Accordingly, the court finds that the unjust enrichment theory of actual damages proposed by plaintiffs is without foundation, and that portion of the class notice referring thereto should be stricken.

To summarize then, the plaintiffs in this action are entitled to (1) any actual damages,

that is actual injuries, resulting from the subject dunning letter, but not the collection fees collected by defendants; (2) statutory damages of up to $1,000 for each named plaintiff; (3) statutory damages for all other class members of up to the lesser of $500,000 or 1 % of the net worth of both the Credit Bureau of Athens and defendant Slaughter; and (4) the costs of prosecuting the lawsuit and reasonable attorney's fee.

▇▇▇ The amount of "reasonable" attorney's fees are left entirely to the judge's discretion. *Sibley,* 677 F.2d at 834 n. 5. The court reminds both parties that as the issues in this case narrow, the necessity of competent advocacy and keeping the clients' best interests in mind heightens. The court will not "reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the court as well." *Lee v. Thomas & Thomas,* 109 F.3d 302, 306 (6th Cir. 1997) (affirming a magistrate judge's cutting of the attorney's fee award to plaintiff on a finding that plaintiffs' counsel's refusal to settle the case was an attempt to gain a higher attorney fee and therefore constituted "economic waste").

▇▇▇ As to the appropriate damages provisions to be included in the class notice, the court is unable at this time to determine from plaintiffs' briefs whether any provision regarding actual damages shall be included in the class notice. Accordingly, plaintiffs are **ORDERED** to submit in writing within fifteen (15) days an itemized list of proposed damages consistent with the rulings contained in this order. Plaintiffs' attorney shall include in this list: (1) the amount of actual damages—as defined in this order—claimed by each plaintiff; (2) an offer of the proof plaintiffs' attorney intends to present to prove those claimed actual damages; (3) a recitation of the number of members of the class, and the net worth of both defendants; (4) the amount of statutory damages to which named and unnamed plaintiffs are entitled; (5) an itemized list of costs incurred in the prosecution of this lawsuit; (6) an itemized list of reasonable attorney's fees requested, including the hourly rate charged in arriving at that figure and a detailed explanation of the reason for the time spent on each task; and (7) any other information plaintiffs claim is relevant to the issue of damages.

Defendants shall respond to plaintiffs' list within thirty (30) days from the date of this order. At that time, the court will determine the proper damages provisions to be included in the class notice and the appropriate steps to be taken to bring the matter to conclusion.