

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2004

# Weiss v. Regal Collections

Precedential or Non-Precedential: Precedential

Docket No. 03-4033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"Weiss v. Regal Collections" (2004). *2004 Decisions.* Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4033

RICHARD WEISS, on behalf of himself
and all others similarly situated,
                                              Appellant

v.

REGAL COLLECTIONS;
LANCER INVESTMENTS, INC.

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 01-cv-00881
(Honorable Alfred M. Wolin)

Argued May 28, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and ALARCÓN[*], *Circuit Judges*

**ORDER AMENDING OPINION**

        IT IS HEREBY ORDERED that the opinion in the above case, filed September 29, 2004, be amended as follows:

---

    [*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

Page 4, first column, line 20, which read:

> *Sibley v. Fulton Dekalb Collection Servs.*, 677 F.2d 830, 834 (11th Cir. 1982) (holding in dicta that equitable relief is not available to an individual under the Act.)

shall read:

> *Sibley v. Fulton Dekalb Collection Servs.*, 677 F.2d 830, 834 (11th Cir. 1982) (noting that equitable relief is not available to an individual under the Act.)

Page 8, footnote 10, line 3: "arises" should be "arise."

Page 14, footnote 19, line 1, which read:

> To hold otherwise would automatically result in a plaintiff seeking class relief in a consumer representative action to file a motion for class certification at the time of filing the class complaint.

shall read:

> To hold otherwise would predictably result in a plaintiff who seeks class relief in a consumer representative action filing a motion for class certification at the time of filing the class complaint.

BY THE COURT,

/s/ Anthony J. Scirica
*Chief Judge*

DATED: October 22, 2004

2