IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20363
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ARTHUR R. HARRISON; FLOYD YOUNG; AUDRA RENEE HARRISON

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-05-3507

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:*

On appeal, Arthur R. Harrison disputes the district court's assessment of his outstanding federal income tax liability. Both Harrison and his adult daughter, Audra Renee Harrison, challenge the court's determination that Arthur Harrison fraudulently transferred or concealed certain real and personal property by nominally titling the property in the name of either Floyd Young or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Harrison's daughter, Audra.[1]  Harrison's daughter also asserts that she was entitled to a jury trial on issues related to the ownership of the disputed property.  However, the government's suit against Harrison was one to enforce tax liens and set aside fraudulent conveyances.  There is no right to a jury trial in an equitable action to enforce a tax lien. Federal Deposit Ins. Corp. v. New London Enterprises, Ltd., 619 F.2d 1099, 1103 (5th Cir. 1980).  Ms. Harrison argues that she has the right to a jury trial independent of any rights that Harrison may have.  This argument is without merit.  The government is not asserting an independent action against  Ms. Harrison.  She was named as a defendant in the suit as the record owner of the property.  The government's sole claim is against Harrison for fraudulent conveyance, and this Court has made it clear that there is no right to a jury trial in such a case.  Duncan v. First Nat'l Bank, 597 F.2d 51, 56 (5th Cir. 1979).

The district court entered Findings of Fact and Conclusions of Law after a seven-day bench trial in which the court heard testimony from sixteen witnesses. We have reviewed the court's detailed findings and the record in this case, and have considered the briefs of the parties.  We are satisfied the district court committed no reversible error.  Therefore, we affirm the district court's judgment for the same reasons set out in the Findings of Fact and Conclusions of Law dated March 13, 2007.  All outstanding motions are DENIED.

AFFIRMED.

---

[1] The court's determination that Harrison was the true owner of the property meant that the property was subject to foreclosure and sale to satisfy Harrison's outstanding tax liability.