[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13680
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05097-JPB

GARTH COOPER,

Plaintiff-Appellant,

versus

PHEAA,
ANDREW PETSU,
KYLE MOYER,
LINDA J. RANDBY,
EDWARD FINKELSTEIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 30, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit
Judges.

PER CURIAM:

Garth Cooper, proceeding *pro se*, appeals the dismissal of his complaint against the Pennsylvania Higher Education Assistance Agency ("PHEAA") and Edward Finkelstein, a student loan hearing examiner.  After review, we affirm.

## I.    BACKGROUND

This case arises out of a garnishment order PHEAA obtained against Cooper.  As background, Cooper consolidated his student loan debt with a single lender, PHEAA.  After Cooper allegedly defaulted on his loan obligations, PHEAA initiated a wage garnishment proceeding against him.  Although Cooper disputed the enforceability of the debt, Finkelstein issued an order finding that PHEAA was entitled to garnish a percentage of Cooper's wages to ensure repayment of the debt.  Cooper appealed unsuccessfully.

Cooper then filed the instant suit in state court against PHEAA and Finkelstein, seeking a temporary restraining order "enjoining the defendants from unlawful seizure and continual theft by taking of money without a court order." Doc. 1-2 at 2.[1]  In a pleading entitled "Temporary Restraining Order O.C.G.A. §9-

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

Cooper's request for a restraining order also named as defendants three of PHEAA's employees, Andrew Petsu, Kyle Moyer, and Linda Randby.  But Cooper failed to allege that these employees engaged in any unlawful conduct.  And he does not mention these defendants on appeal.  Thus, we do not address them further.

11-65" (the "complaint"), Cooper alleged that the garnishment was unlawful because he never received any cash from PHEAA and had no verified financial documents from it, including an affidavit that verified the conditions of the loan as he alleged was required by the Fair Debt Collection Practices Act ("FDCPA"). He also alleged that PHEAA and Finkelstein were collecting money from the wrong individual and that no valid court order supported the garnishment judgment. Cooper requested "adequate Assurance of Due Performance pursuant to UCC 2-609/O.C.G.A. § 11-2-609 that the lender has performed according to the loan agreement," that "the original lender used their own money to purchase the borrower's promissory note and did not accept the borrower's promissory note as money . . . to fund the check or similar instrument that the lender then lent to the borrower," and that "the lender has followed the federal laws . . . regarding Generally Accepted Accounting Principles and Generally Accepted Auditing Standards concerning this loan." *Id.* at 3. Cooper requested injunctive relief only; specifically, he requested an order requiring that the defendants "cease all attempts to collect the alleged debt until they have verified the debt" via an affidavit that "verif[ied] the terms and conditions of the alleged loan" and that "an authorized officer or agent of [PHEAA] sign and return the attached affidavit." *Id.*

The defendants removed the action to the United States District Court for the Northern District of Georgia because Cooper sought relief under federal law, the

3

FDCPA. They moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. PHEAA and Finkelstein argued that Cooper's wage garnishment proceeding, regulated by the Higher Education Act ("HEA"), 20 U.S.C. § 1095a,[2] preempted state-law relief and provided no private right of action. They further argued that Cooper was not entitled to relief under the FDCPA because that statute did not provide for injunctive relief and because PHEAA was not a "debt collector" under the statute. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *id.* §§ 1692a-1692p (prohibiting "debt collectors" from taking certain actions). Attached to the motion to dismiss was the promissory note for Cooper's student loans, a disclosure statement identifying PHEAA as the guarantor of Cooper's loans, PHEAA's notice to Cooper regarding wage garnishment, Cooper's request for a hearing, Finkelstein's order authorizing wage garnishment, and Finkelstein's order rejecting Cooper's appeal.

The district court denied Cooper's request for a temporary restraining order because he failed to show a likelihood of success on the merits. Rather than responding to the motion to dismiss, Cooper filed a petition for a writ of

---

[2] The HEA gives the Secretary of Education authority over several federal student-loan programs. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004). Under the HEA, loan servicers may be entitled to garnish the wages of delinquent student-loan debtors. *Id.* at 1123.

mandamus, arguing that PHEAA was required under the Truth in Lending Act ("TILA") to provide him with an affidavit verifying its claims against him.

A magistrate judge issued a report and recommendation ("R&R") recommending that PHEAA and Finkelstein's motion to dismiss be granted and that Cooper's petition be denied. The magistrate judge took judicial notice of administrative documents attached to the motion to dismiss stemming from the garnishment proceedings because those documents were part of an administrative proceeding. The judge considered Cooper's notice of garnishment from PHEAA because it was "central to [his] claim and its authenticity has not been questioned." Doc. 12 at 6 n.1. Based on her review, the judge discerned that Cooper "appears to be challenging the garnishment procedures in part based on state law procedures." *Id.* at 10. Such a challenge, the judge ruled, is preempted by the HEA. The magistrate judge further found that "even if [Cooper] had intended to assert a claim for injunctive relief" under the HEA, such a claim would fail as a matter of law because the HEA provides no private right of action. *Id.* at 11. The magistrate judge acknowledged Cooper's claim that PHEAA and Finkelstein "are required to verify the debt" under the FDCPA, but explained that "equitable relief is not available to an individual under the civil liability section of the Act" and therefore the Act "cannot provide [Cooper] with a basis for equitable relief." *Id.* at 12.

5

Finally, the magistrate judge noted Cooper's theory "that he is entitled to adequate assurance of due performance" under the Uniform Commercial Code or Georgia law. *Id.* at 13. But, the judge explained, the code sections Cooper cited did not apply to loan transactions, and even if those code sections "or similar principles" applied, Cooper "fail[ed] to show that such would apply under the circumstances of this case" because Cooper had failed to "point to any facts tending [to] make it reasonable for him to believe that [PHEAA and Finkelstein] were going to breach any obligation that they may have in the future under the provisions of the education loan." *Id.* at 14. Plus, Cooper had not "allege[d] any facts tending to show that the subsequent lender who refinanced and consolidated his loan did not pay off his formerly unconsolidated loans." *Id.*

Cooper objected to the R&R, arguing that the magistrate judge assumed facts that were not in evidence and that "statements of counsel, in brief or in argument, are not facts before the court." Doc. 14 at 1. Cooper also protested that PHEAA never executed the affidavit he requested, submitted the original contract between him and his original creditor, or appeared at a hearing before the magistrate judge. The district court overruled Cooper's objections and adopted the R&R. The court rejected Cooper's argument that the judge assumed facts not in evidence because Cooper failed to "specify which facts the [m]agistrate [j]udge considered that should not have been considered or which statements of counsel

6

were considered that should not have been considered." Doc. 16 at 2. The court also rejected Cooper's objection to PHEAA's and Finkelstein's failure to appear before the magistrate judge, explaining that "there was no hearing in this matter," so the defendants had not missed one. *Id.* at 3. The court overruled the balance of Cooper's objections, concluding that the magistrate correctly decided the merits of the case. The district court dismissed Cooper's complaint with prejudice.[3]

This is Cooper's appeal.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *World Holdings, Ltd. Liab. Co. v. F.R.G.*, 701 F.3d 641, 649 (11th Cir. 2012). For the purposes of this review, we must accept the factual allegations in the complaint as true. *Id.* In considering a motion to dismiss for failure to state a claim, a district court may rely on documents submitted with the motion so long as they are referred to in the complaint, central to the complaint, and of undisputed authenticity. *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

When a party fails to object to a magistrate judge's factual findings and legal conclusions in the district court, he generally waives the right to challenge those findings and conclusions. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th

---

[3] Cooper does not challenge the with-prejudice distinction on appeal.

Cir. 2017).[4] Objections to a magistrate judge's findings or recommendations must be specific. *See* Fed. R. Civ. P. 72(b)(2). When the interests of justice so require, we will review waived objections for plain error. *Evans*, 850 F.3d at 1257. To succeed on plain-error review, a party must establish a plain error that affected his substantial rights and seriously affected the fairness of the judicial proceeding. *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 975 (11th Cir. 2016).

We generally will not review issues raised for the first time on appeal. *Finnegan v. Comm'r*, 926 F.3d 1261, 1271 (11th Cir. 2019). Nevertheless, we may choose to hear an issue raised for the first time on appeal if (1) the issue involves a pure question of law and refusing to consider it would cause a miscarriage of justice, (2) the appellant did not have an opportunity to raise the issue before the district court, (3) the interest of substantial justice is at stake, (4) the appropriate resolution of the issue is beyond any doubt, or (5) the issue involves significant questions of general impact or of great public concern. *Id.* at 1271-72.

We liberally construe *pro se* pleadings and briefs, but "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d

---

[4] This rule does not apply if the appellant was not given proper notice of the deadline for objecting and the consequences of failing to object. *Evans*, 850 F.3d at 1257. Here, however, there is no dispute that Cooper received proper notice.

870, 874 (11th Cir. 2008); *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.    DISCUSSION

On appeal, Cooper asserts that the garnishment of his wages is unlawful because no court order authorized the garnishment and because PHEAA and Finkelstein are extracting payment from the wrong individual.  As he did in his complaint, he requests as relief an affidavit verifying the details of his student loans.  He argues that PHEAA is required to give such an affidavit under O.C.G.A. § 18-4-3 and the FDCPA.  Cooper also argues that the magistrate judge improperly considered documents submitted by PHEAA and Finkelstein.[5]

As a preliminary matter, the magistrate judge appropriately considered the documents PHEAA and Finkelstein attached to their motion to dismiss.  Cooper referred to his garnishment proceedings in his complaint, and the facts surrounding these proceedings are central to his complaint.  Moreover, he did not dispute the authenticity of the documents in the district court; rather, he disputed the resolution of the garnishment proceedings.  *Hi-Tech Pharm., Inc.*, 910 F.3d at 1189.

---

[5] Cooper makes passing references to two additional arguments:  that "[d]ue process has never [been] received by Plaintiff in magistrate court" and that the "case ought [to] be remanded back to State court."  Appellant's Br. at 5-6.  Such passing references are insufficient to raise these claims on appeal.  *Timson*, 518 F.3d at 874; *see Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Next, although on appeal Cooper asserts that he is entitled under O.C.G.A. § 18-4-3 to the affidavit he has requested, he never raised this issue before the magistrate judge or district court. We therefore need not consider his argument absent special circumstances, none of which is present here. *See Finnegan*, 926 F.3d at 1271. Even if we were to address Cooper's argument, it would fail for another reason. The magistrate judge found that Cooper's challenge to his garnishment proceedings based on state-law procedures was preempted by the HEA, the district court adopted the magistrate judge's R&R, and Cooper has not argued on appeal that the district court erred in concluding that his challenge is preempted. An appellant who "fails to challenge properly on appeal one of the grounds on which the district court based its judgment . . . is deemed to have abandoned any challenge of that ground." *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). Thus, Cooper has abandoned any challenge to the district court's preemption determination. *Id; see Timson*, 518 F.3d at 874.

Cooper also argues that the FDCPA requires the equitable relief he requested, an affidavit verifying the details of his student loans. He failed to object to the magistrate judge's conclusion that he was not entitled to relief under the FDCPA, though, and so has waived his argument on appeal. *Evans*, 850 F.3d at 1257. Even if we were to address Cooper's argument, however, it would fail. The FDCPA provides for a private right of action against "debt collectors" that engage

10

in abusive, fraudulent, or deceptive collection practices. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004). For example, a debtor may be entitled to damages if a debt collector makes a false representation regarding "the character, amount, or legal status of any debt." 15 U.S.C. §§ 1692e(2)(A), 1692k(a). The statute does not, however, provide individuals with equitable relief. *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982). It therefore does not provide Cooper with an avenue for obtaining an affidavit from PHEAA and/or Finkelstein even if the defendants could be "debt collectors" under the statute.[6] The same is true of the TILA, under which Cooper sought a writ of mandamus. *See Christ v. Ben. Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008).[7]

For these reasons, we conclude that the district court correctly granted the defendants' motion to dismiss. We affirm.

**AFFIRMED.**

---

[6] A "debt collector" does not include any person whose debt collection practices are "incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(f). The HEA regulations characterize the relationship between student loan guarantors like PHEAA and the Department of Education as a fiduciary relationship. *See* 34 C.F.R. § 682.419(a).

[7] Moreover, TILA regulations provide that the Act does not encompass student loans that are made pursuant to a HEA-authorized program, *see* 12 C.F.R. § 1026.1(a), 1026.3(f), as the consolidated loans at issue here appear to be, *see* Doc. 3 at 4.

11