**T. P. HEAD, Appellant,**

v.

**HALLIBURTON OILWELL CEMENTING COMPANY, Appellee.**

No. 23193.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1966.

Rehearing Denied Jan. 5, 1967.

**546**

Warren Burnett, Odessa, Tex., Robert D. Pue, Odessa, Tex., for appellant.

W. O. Shafer, Odessa, Tex., Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, Tex., for appellee.

Before JONES and DYER, Circuit Judges, and SPEARS, District Judge.

DYER, Circuit Judge.

In this appeal from a jury verdict for the defendant Halliburton, in a suit for damages for personal injuries sustained by plaintiff Head, arising out of a collision between their respective vehicles, the sole question for determination is whether it was prejudicial error to admit a letter written by Head's brother and introduced for the purpose of im-

peachment. We hold it was prejudicial error and reverse.

On direct examination plaintiff testified that about twelve years before the accident in question he suffered an injury to his head while employed as a tool pusher on an oil rig. On cross examination he testified that he made a compensation claim for his injury and that his brother, who was a lawyer, had not assisted the plaintiff in any way and had taken no active part in obtaining an award. However, over the plaintiff's objection, and solely for the purpose of impeachment the defendant then offered and the court admitted into evidence a twelve year old letter written by Head's brother to the physician who treated Head for his prior injury. The letter contradicted the testimony of Head that he had not been assisted in his compensation claim.

Impeachment by contradiction is not permitted on collateral matters. American Ins. Union v. Lowry, 5 Cir. 1933, 62 F.2d 209; 3 Wigmore Evidence, 3rd ed., § 1003. The test for determining what is a collateral matter was laid down over one hundred years ago in Attorney General v. Hitchcock 1 Exch. 91, 154 Eng. Rep. 38 (1847). Professor Wigmore phrases it thusly: "Could the fact as to which error is predicated have been shown in evidence for any purpose independently of the contradiction?" 3 Wigmore, supra. Under this test the letter obviously should not have been admitted to impeach plaintiff, for it impeached him on a collateral matter.

We turn now to the prejudicial effect, if any, of the admission of the letter in evidence. There were conflicts in the evidence as to the course taken by plaintiff's vehicle before and at the time of the accident. Plaintiff was subjected to rigorous cross examination in an attempt to show inconsistencies with a statement made by him shortly after the accident. He was interrogated concerning what defendant deemed to be contradictions as to speed, location of impact and direction. In final argument, with the zeal of an ardent advocate, defense

counsel emphasized his attack on plaintiff's credibility by reminding the jury that, although the plaintiff had denied under oath that his lawyer-brother had helped him in another case, the defense had a letter that said otherwise.

■■ After a careful examination of the record as a whole and, bearing in mind that the trial judge should and does have a large amount of discretion in his evidentiary rulings, Eastern Airlines, Inc. v. American Cyanamid Co., 5 Cir. 1963, 321 F.2d 683, we are convinced that the plaintiff has discharged his burden of showing that it was prejudicial error to admit the letter into evidence and that his substantial rights were affected. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Hall v. Texas and New Orleans Ry. Co., 5 Cir. 1962, 307 F.2d 875. The judgment is accordingly

Reversed.