**Michael W. SPRATT, Plaintiff,**

v.

**GUARDIAN AUTOMOTIVE PRODUCTS INC., and Tom Pentenburg, Defendants.**

**No. 1:97–CV–323.**

United States District Court, N.D. Indiana, Fort Wayne Division.

March 17, 1998.

William R. Groth, Fillenwarth Dennerline Groth and Towe, Indianapolis, IN, for Plaintiff.

Michael R. Maine, Baker and Daniels, Indianapolis,IN, Robert D. Moreland, Gary D. Johnson, Leslie S. Rogers, Baker and Daniels, Fort Wayne, IN, for Defendants.

### *MEMORANDUM OF DECISION AND ORDER*

COSBEY, United States Magistrate Judge.

### I. INTRODUCTION

This matter comes is before the Court on Defendant Guardian Automotive Inc.'s ("Guardian") "Motion to Strike Plaintiff's Demand for Jury Trial," filed together with a brief in support on January 22, 1998. Plaintiff Michael Spratt ("Spratt") filed a response on January 30, 1998, and, pursuant to the Court's February 13, 1998, Order requesting supplemental briefing, filed a surresponse on February 23, 1998. Guardian filed its reply on March 4, 1998, and the motion is ripe for review. For the reasons hereinafter provided, Guardian's motion will be DENIED.

### II. BACKGROUND

Spratt's second amended complaint alleges a cause of action against Guardian under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA"), and includes, *inter alia,* a claim for liquidated damages and a demand for a jury trial. (*See* Pl. Sec. Amend. Compl. Rhet. ¶ 15; *Id.* Count II Prayer For Relief ¶ B; *Id.* at 7.) Congress enacted the USERRA in 1994 to "clarify, simplify, and, where necessary, strengthen the existing veteran's employment and reemployment rights provisions" of the former Veterans Reemployment Rights Act ("VRRA").[1] *See* H.R. REP. No. 99–253, at 18, *reprinted in* 1994 U.S.C.C.A.N. 2499, 2451. Most courts, including one from this district, interpreted the former VRRA as providing only equitable relief, and held that VRRA plaintiffs were not entitled to a jury trial. *See Troy v. City of Hampton,* 756 F.2d 1000, 1001 (4th Cir.1985) (en banc), *cert. denied sub nom. Blackmon v. Observer Transp. Co.,* 474 U.S. 864, 106 S.Ct. 182, 88 L.Ed.2d 151 (1985) ("Most courts which have considered the rights and remedies created by the Veterans Reemployment Rights Act have found them to be equitable in nature.") (collecting cases); *accord Stewart v. United States Steel Corp.,* 594 F.Supp. 180, 182–83 (N.D.Ind.1984); *but cf. Gruca v. United States Steel Corp.,* 495 F.2d 1252, 1256–1257 (3d Cir.1974) (back pay remedy under the VRRA is legal in nature).

---

1. 38 U.S.C. § 2021, *et seq.* (1991) (recodified at 38 U.S.C. § 4301 *et seq.* by Pub.L. No. 102–568, Title V, § 506(a), 106 Stat. 4340 (1992)), *amended by* Uniformed Services Employment and Reemployment Act of 1994, Pub.L. No. 103–353, 108 Stat. 3149. The VRRA continues to apply to reemployments initiated before the end of the 60–day period beginning on October 13, 1994. *See* Pub.L. No. 103–353 § 312(a)(2).

However, the enforcement section of the USERRA relating to private employers, 39 U.S.C. § 4323 ("USERRA § 4323") is materially different from the enforcement provision of the VRRA because it requires an employer to pay liquidated damages if its violation of the USERRA is found to be willful. The former VRRA did not contain a liquidated damages provision. *Compare* 38 U.S.C. § 2022 (1991):

> If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of section 2021(a), (b)(1), or (b)(3), or 2024 of this title, the district court of the United States ... *shall have the power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action.* Any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits provided for in such provisions
>
> ....

*with* 42 U.S.C. § 4323(c) (West Supp.1997):

> (1)(A) The district courts of the United States shall have jurisdiction, upon the filing of a complaint, motion, petition, or other appropriate pleading by or on behalf of the person claiming a right or benefit under this chapter—
>
> *(i) to require the employer to comply with the provisions of this chapter;*
>
> *(ii) to require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; and*
>
> *(iii) to require the employer to pay the person an amount equal to the amount referred to in clause (ii) as liquidated damages, if the court determines that*

*the employer's failure to comply with the provisions of this chapter was willful.*

> (B) Any compensation under clauses (ii) and (iii) of subparagraph (A) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for in this chapter.
>
> . . . . .
>
> (3) The court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

Guardian contends that the case law prohibiting jury trials under the VRRA is applicable to the USERRA, and that Congress did not mean for the new liquidated damages provision to provide a jury trial for USERRA plaintiffs. Spratt argues that the USERRA, and specifically the new liquidated damages provision, entitles him to a jury trial under the Seventh Amendment.

## III. STANDARD OF REVIEW

■ There are two possible sources of a right of trial by jury for a statutory cause of action: Congress may expressly provide for trial by jury in the statute that creates the claim regardless of whether the claim involves rights and remedies of the type traditionally enforced in a court of law before a jury; or, if the claim involves rights and remedies of the type traditionally enforced in an action at law, the Seventh Amendment requires that the right of jury trial be preserved.[2] *Kobs v. Arrow Service Bureau, Inc.*, 134 F.3d 893, 896 (7th Cir.1998) (citation omitted).

■ Congress did not explicitly provide for a jury trial in the USERRA, so we must address whether the Seventh Amendment to the Constitution mandates a jury trial under the statute.[3] *See Tull v. United States*, 481

---

**2.** The Seventh Amendment provides that "[i]n Suits at common law, where the value of the controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ..."

**3.** Guardian does appear to assert that Congress specifically precluded a jury trial by instructing

that "the court" is to determine the amount of a plaintiff's damages under the statute. However, *Kobs* reaffirmed the Seventh Circuit's longstanding view that the word "court" in statutes is interpreted as including trial by both judge and jury, and therefore the language of the USERRA

U.S. 412, 417 n. 3, 107 S.Ct. 1831, 1835 n. 5, 95 L.Ed.2d 365 (1987) (where statute is silent there is no recourse but to address the constitutional issue). A two-part test is employed to determine whether the claim involves rights and remedies traditionally enforced at law or in equity:

First, we must compare the ... action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

*Lebow v. American Trans Air, Inc.* 86 F.3d 661, 668 (7th Cir.1996) (quoting *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1345, 108 L.Ed.2d 519 (1990)) (internal quotation marks omitted).

## IV. DISCUSSION

 Fortunately, we need not dwell on the nuances of whether Spratt's claim would have been brought in a court of law or equity in 18th century England, because the Seventh Circuit has concluded that "actions seeking liquidated damages provided by statute are 'suits at common law' for constitutional purposes." *Calderon v. Witvoet,* 999 F.2d 1101, 1109 (7th Cir.1993) (citing *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1014–17 (7th Cir.1991)).[4] The liquidated damages provisions at issue in *Calderon* Migrant and Seasonal Agricultural Workers Protection Act of 1983 ("AWPA") and *Wit-*

cannot be said to establish that a court rather than a jury must determine the statutory damage award. *Kobs,* 134 F.3d at 896–97 (citing *Rogers v. Loether,* 467 F.2d 1110, 1122–23 (7th Cir. 1972)), *aff'd sub nom. Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

4. The substantive holding in *Video Views* was overruled in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), but the Supreme Court had no occasion to address *Video Views'* s liquidated damages analysis.

5. *Compare* USERRA § 4323(c)(1)(A)(iii) (liquidated damages required when "employer's failure to comply with the USERRA is willful"), *with* 29 U.S.C. § 1854(c)(1) ("If the court finds that the respondent intentionally violated any provision of [the AWPA], it may award damages up to

*voet* (Copyright Act of 1976) are substantially similar to USERRA § 4323(c)(1)(A)(iii).[5] Therefore, we are bound to find that the USERRA, which now provides for liquidated damages, also provides Spratt the right to a jury trial under the Seventh Amendment.[6]

Guardian attempts to distinguish *Calderon* and *Video Views* by arguing that Congress specifically incorporated the pre–1994 case law interpreting the VRRA, and consequently the USERRA, like the VRRA, provides only equitable relief and does not provide for a jury trial. Guardian also contends that although the liquidated damages provision entitles a plaintiff to monetary relief, typically a legal remedy, any liquidated damages awarded under USERRA fall within each of the two exceptions to that general rule, as articulated in *Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735 (D.C.Cir.1995).

Guardian's first argument relies upon the USERRA's legislative history, which Guardian insists indicates that Congress intended the USERRA to provide only the same equitable relief available under the VRRA. Guardian supports its position with the following sentence of the House report:

[t]he Committee [on Veteran's Affairs] wishes to stress that the extensive body of case law that has evolved ... to the extent it is consistent with the provisions of [USERRA], remains in full force and effect in interpreting these provisions.

H.R. REP. No. 103–65, at 19, *reprinted in* 1994 U.S.C.C.A.N. at 2452.

and including the amount of actual damages ..."), *and* 17 § U.S.C. 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages ...").

6. We recognize that this holding may not be entirely consistent with precedent in other circuits. *See Calderon,* 999 F.2d at 1109 (noting that whether actions seeking liquidated damages are suits at common law for Seventh Amendment purposes is a question the Supreme Court reserved for a future decision in *Lorillard v. Pons,* 434 U.S. 575, 577 n. 2, 98 S.Ct. 866, n. 2, 55 L.Ed.2d 40 (1978), and on which the courts of appeals are divided) (collecting cases).

However, the clear meaning of this sentence is that the committee intended the VRRA's prior case law to apply to the USERRA only to the extent that the USERRA remains consistent with the prior VRRA. *Id.* Obviously, the liquidated damages provision of the USERRA is inconsistent with the VRRA, because the VRRA never contained such a provision. Therefore, this sentence provides no insight into Congress' intentions regarding the liquidated damages provision of the USERRA.

Guardian's reliance upon *Crocker* is similarly unavailing. *Crocker* discusses the two exceptions as articulated by the Supreme Court in *Terry* to the rule that awards of pecuniary relief are legal remedies; first, money damages are properly characterized as equitable when they are restitutionary, and second, money awards that are "incidental or intertwined with injunctive relief" may be equitable remedies. *Crocker,* 49 F.3d at 747 (quoting *Terry,* 494 U.S. at 570–71, 110 S.Ct. at 1347–48) (other citations omitted). Guardian argues that liquidated damages under the USERRA are really restitutional, because they are discretionary, and that they are also intertwined with the equitable relief provided by the USERRA. We shall address these arguments in turn.

Even if we assume that Guardian is correct that the court's authority to award liquidated damages under USERRA is discretionary, this does not mean that such relief becomes equitable. Simply stated, a jury must still make the requisite willfulness finding, *Video Views,* 925 F.2d at 1016, and the award of liquidated damages therefore hinges completely on the resolution of a legal issue. Moreover, liquidated damages conditioned on a finding of willfulness are punitive in nature. *See Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, 332 n. 5, 115 S.Ct. 2159, 2165, 132 L.Ed.2d 294 n.5 (1995) (recognizing that ADEA's liquidated damages provision is punitive in nature because liquidated damages are only available under the ADEA if the employer willfully violates the ADEA, citing *Trans World Airlines v. Thurston,* 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985)); *Fortino v. Quasar Co.,* 950 F.2d 389, 397 (7th Cir.1991)

(recognizing that the Supreme Court in *Thurston* described the doubling of damages for a willful violation as an award of punitive damages). Punitive damages are a legal remedy that must be imposed by a jury, and therefore cannot be considered restitutionary. *Tull v. United States,* 481 U.S. 412, 422 107 S.Ct. 1831, 1838 (1987) ("Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were [historically] issued by courts of law, not courts of equity."); *Lebow,* 86 F.3d at 669 (citation omitted). Consequently, in sum, the fact that the district court may have discretion in awarding statutory liquidated damages "does not, without more, transform the proceeding—one in which monetary relief is sought—from one legal in nature to one equitable in nature." *Video Views,* 925 F.2d at 1016.

Nor is the USERRA's liquidated damages provision intertwined with, or merely incidental to, the equitable remedies available under the USERRA. Simply stated, USERRA § 4323 is a materially different enforcement provision than those statutes recognized as falling within this exception, such as 42 U.S.C. § 2000e–5(g)(1) (Title VII). § 2000e–5(g)(1) reads in pertinent part:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to ... or any other equitable relief as the court deems appropriate.

The central tenant of this provision is quite obviously to provide injunctive relief, and prior to the Civil Rights Act of 1991 courts understood that back pay awarded under § 2000e–5(g)(1) were merely incidental to the equitable relief contemplated by this provision. *Crocker,* 49 F.3d at 748 (citing *Sparrow v. Commissioner,* 949 F.2d 434, 437–38 (1991)). In this way, Title VII was interpreted similarly to the former VRRA, which, as discussed *supra,* was interpreted by courts as providing only equitable relief, even if money damages were awarded.

In contradistinction, Congress included within the USERRA a separate and distinct enforcement scheme from the VRRA (and from § 2000e–5(g)(1)), one which includes liquidated damages when an employer willfully violates the statute. As explained *supra*, such a liquidated damages provision is punitive in nature, and was a remedy Congress necessarily understood to be a legal one even prior to the USERRA's enactment. *Tull*, 481 U.S. at 422, 107 S.Ct. at 1838 (punitive remedies were historically issued by courts of law); *cf. Lorillard*, 434 U.S. at 581, 98 S.Ct. at 870 (Congress can be presumed to have knowledge of the interpretation given to incorporated law, to the extent it affects a new statute). Consequently, we cannot say that the USERRA's liquidated damages provision is merely incidental to or intertwined with the statute's other equitable remedies.

Therefore, since none of the exceptions urged by Guardian apply, Spratt's jury demand must be honored as consistent with the Seventh Amendment.

### V. CONCLUSION

For all the reasons discussed herein, Guardian's motion to strike Spratt's jury demand is DENIED.