IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————————

No. 00-60590

———————————————————————

GARY MOORE,

Plaintiff-Appellee,

v.

DAVID FRAZIER; ET AL,

Defendants,

DAVID FRAZIER, Individually and as Attorney for Medical
Credit Service, Inc/Merchants Collections Service and/or
Memorial Hospital at Gulfport; MEDICAL CREDIT SERVICE INC,

Defendants-Appellants.

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
1:96-CV-94-GR
---------------------------------------------------------------
April 10, 2002

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellee, Gary Moore ("Moore"), filed an action seeking damages from appellants David

Frazier ("Frazier") and Medical Credit Service Inc. ("Medical Credit"), contending that Frazier

and Medical Credit violated the Fair Debt Collection Practices Act (the "FDCPA") [15 U.S.C. §

1692 et seq.] when they caused a misleading collection letter to be sent to him. After the court

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Medical Credit and Frazier's joint motion to disqualify Moore's attorney, granted Frazier's motion for summary judgment, and denied in part and granted in part Medical Credit's motion for summary judgment, this action proceeded to trial. The jury found for Moore. Frazier and Medical Credit appeal, contending: (A) the district court erred in failing to grant summary judgment for Medical Credit on the question of liability; (B) the district court erred in submitting the question of liability under the FDCPA to the jury; (C) the district court erred in failing to submit the question of Medical Credit's and Frazier's entitlement to statutory attorney's fees to the jury; (D) the district court erred in excluding certain evidence at trial; (E) the district court gave the jury an erroneous instruction; and (F) the district court erred in failing to disqualify Moore's attorney. Because we find no error, we affirm.

## I.
## BACKGROUND

The facts of this case are fairly simple. Medical Credit was retained in 1980 by Memorial Hospital to collect unpaid debts. Moore incurred such a debt in December of 1993. Moore did not pay and, as part of the collection process, Medical Credit sent a demand letter on February 14, 1995 (the "February 14th letter"). Whether the February 14th letter violated the FDCPA was the focus of this litigation. Because of the nature of the issues before us, however, the contents of this letter are of no import.

As noted above, Frazier and Medical Credit moved for summary judgment before trial. Both contended that the February 14th letter was not misleading as a matter of law and that Moore suffered no actual damages. The district court granted the motion in part and denied it in part, concluding that Moore had failed to offer evidence of actual damages but that there was a

2

triable issue of material fact as to whether the February 14th letter violated the FDCPA. The district court subsequently granted summary judgment for Frazier on another ground.

The district court submitted the question of liability and Moore's entitlement to statutory damages to the jury. Following the close of all evidence, the jury answered special interrogatories, concluding that the February 14th letter violated the FDCPA but that Moore was not entitled to statutory damages.

## II.
## ANALYSIS

### A.     Summary Judgment

We will not review the district court's order denying Medical Credit's motion for summary judgment as this action was tried to a jury to judgment. Black v. J.I. Case Co., Inc., 22 F.3d 568, 570 (5th Cir. 1994).[1]

### B.     Liability

It appears that Medical Credit contends that once the district court concluded that Moore was not entitled to actual damages, it should have determined Medical Credit's liability under the FDCPA as a matter of law rather than submitting the question to the jury. Medical Credit provides no authority or analysis in support of this contention.[2] Further, we find no support for it

---

[1]Medical Credit did file a Rule 50 motion, and theoretically we could review the district court's denial of that motion. However, Medical Credit mentions the Rule 50 motion only once, in passing, in the fact section of its brief. It therefore waived review of the issue. Carmon v. Lubrizol Corp., 17 F.3d 791, 794 (5th Cir.1994) ("We liberally construe briefs in determining issues presented for review; however, issues not raised at all are waived.").

[2]The only case cited by Medical Credit is Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). Markman is cited for the proposition that a court can interpret a patent without violating the Seventh Amendment. Medical Credit appears to be implying that, because the Supreme Court says the interpretation of a patent is a question of law, the question of whether the February 14th letter is misleading is also a question of law. Basically, it appears that Medical Credit is again arguing that the district court

3

in the law or the language of the FDCPA.

It is possible that Medical Credit, instead, is contending that the district court erred, in light of the language of 15 U.S.C. § 1692k(a)(2)(A) ("[I]n the case of any action by an individual, such additional damages as the **court** may allow....") (emphasis added), when it allowed the jury to determine the amount of statutory damages, if any, to award. But cf. Kobs v. Arrow Serv. Bureau, Inc., 134 F.3d 893, 897-99 (7th Cir. 1998) (interpreting the term "court" in 15 U.S.C. § 1692k(a)(2)(A) as meaning "jury" and therefore holding that § 1692k(a)(2)(A) provides right to jury trial); Sibley v. Fulton Dekalb Collection Serv., 677 F.2d 830, 833-34 (11th Cir. 1982) (same) *with* Feltner v. Columbia Pictures T.V., 423 U.S. 340, 346-55 (1998) (holding that the word "court" in the Copyright Act means "judge," not "jury," but that the Seventh Amendment guarantees a right to jury on statutory damages issue). To the extent this issue is raised, we will not address it. The jury did not award Moore statutory damages. Therefore, even if we concluded that the statutory damages issue should not have been submitted to the jury, we would be unable to grant any relief to Medical Credit.

## C. Attorney's Fees

As noted above, Frazier and Medical Credit appear to contend that they have a Seventh Amendment right to a jury trial on the issue of whether Moore brought this FDCPA claim in bad faith, entitling them to attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). But the appellants fail

---

erred in failing to enter summary judgment—an unreviewable issue. Regardless, this contention overlooks the fact that a § 1692 claim is not about whether a credit communication is misleading in the abstract, i.e., the question is whether the letter is misleading in light of other evidence which might be in dispute. For example, Moore contended at trial that the letter violated FDCPA because Medical Credit threatened to take action that it did not intend to take. See 15 U.S.C. § 1692e(5). Medical Credit's intent clearly could not be determined merely by reference to the February 14th letter.

to provide any argument or authority which supports this contention. What appellants actually argue, again without authority, is that the statutory language of 15 U.S.C. § 1692k(a)(3) entitled them to a jury trial.[3] Regardless, we need not address it.

As to Medical Credit, the district court declined to address the issue of Medical Credit's entitlement to a jury trial in light of the jury's liability finding. It reasoned that Fifth Circuit case law requires defendants seeking attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) to be prevailing parties. The district court is correct. See Johnson v. Eaton, 80 F.3d 148, 153 (5th Cir. 1996) (holding that defendant was not "prevailing" and therefore not entitled to attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) where the jury found him liable but awarded no damages).

The district court also declined to address the issue of Frazier's entitlement to a jury trial. It reasoned that it need not reach the issue based upon its conclusion that undisputed facts demonstrate that Moore's suit against Frazier was brought in good faith.[4] Frazier does not challenge this conclusion; nor does he contend that 15 U.S.C. 1692k(a)(3) entitles him to a jury trial on bad faith absent a triable issue of material fact. Accordingly, even if 15 U.S.C. § 1692k(a)(3) provides for a jury trial on the issue of entitlement to attorney's fees, a question which will have to be addressed another day, the judge did not err in denying fees as a matter of

[3]Section 1692k(a)(3) provides in relevant part: "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees."

The appellants' argument is that if the court interprets the word "court" in 15 U.S.C. § 1692k(a)(2)(A) to mean "jury" as the Seventh and Eleventh Circuits did in Kobs and Sibley, then "court" in 15 U.S.C. § 1692k(a)(3) must be interpreted the same way.

[4]It based its decision on the fact that Moore stated a valid claim against Frazier. Moore's theory was that Frazier, Medical Credit's longtime counsel, drafted the offending letter and was responsible for its mailing—a letter the jury found to have violated the FDCPA. Frazier did not properly provide the evidence entitling him to summary judgment, i.e., that he did not participate in the drafting or sending of the letter, until the eve of trial.

5

law.

**D.      Exclusion of Evidence**

At trial, Moore testified that the February 14th letter was confusing to him and that it was the first such letter that he received.  Medical Credit attempted to introduce two similar letters it sent to Moore in 1991 and 1992 as impeachment.  The district court did not allow admission of the letters because it concluded that the letters were not disclosed during, and beyond the scope of discovery[5] and because it concluded that admission of the letters would constitute improper impeachment on a collateral matter.  Medical Credit contends that these letters were not subject to the discovery limitation and were never requested by Moore.

We review the district court's exclusion of evidence for an abuse of discretion.  Gabriel v. City of Plano, 202 F.3d 741, 745  (5th Cir. 2000).  Although the question whether these letters were outside the restricted discovery period and withheld by Medical Credit may be close, we conclude that the district court did not abuse its discretion in concluding that they were.  Furthermore, Medical Credit does not explain how Moore's testimony that he never received a similar letter is anything but collateral.  T.P. Head v. Halliburton Oilwell Cementing Co., 370 F.2d 545, 546 (5th Cir. 1967) (holding that documents cannot be admitted for impeachment on collateral matters).  As the district court charged the jury to determine whether the letter was misleading using an objective standard—a charge not challenged on appeal—Moore's interpretation of the letter was irrelevant.

---

[5]Per the appellants request, discovery of documents was limited, in part, as follows: "Medical Credit must produce all letters, memoranda, or documentation reflecting any communication which makes reference to plaintiffs...from the commencement of the collection procedures until the initiation of the state litigation...[a]ll other requests are denied."

6

**E.      Jury Instructions**

Where a jury instruction is objected to at trial, we review challenges to that instruction for abuse of discretion. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 293 (5th Cir. 2002). "Because of the broad discretion afforded district courts in framing the instructions to the jury, we will find such an abuse of discretion only if the charge as a whole is not a correct statement of the law and does not clearly instruct the jurors regarding the legal principles applicable to the factual issues before them." Id. However, where there has been no objection, we review for plain error. Tompkins v. Cyr, 202 F.3d 770, 783 (5th Cir. 2000).

Medical Credit contends that the district court failed to properly instruct the jury as to 15 U.S.C. § 1692e(5).[6] Medical Credit does not contend that the district court failed to give a requested instruction on Section 1692e(5); it contends only that the court erred when it instructed the jury that it could find that Medical Credit violated the FDCPA if it found that the letter indicated that Medical Credit intended to file suit in approximately 72 hours, but that Medical Credit did not so intend. Medical Credit does not, however, identify in the record where the court so instructed the jury; in the portion of the record identified by Medical Credit the district court is merely summarizing Moore's arguments. Actually, the judge instructed the jury that it is a violation of the FDCPA "to threaten to take any action that is not intended to be taken." See 15 U.S.C. § 1692e(5). This instruction mirrors the language of the statute, omitting only "cannot legally be taken" language, language which, if included, could have served only to broaden Medical Credit's potential liability. Accordingly it was not erroneous.

---

[6]Section 1692e(5) is part of a non-exhaustive list of activities that violate the FDCPA. Section 1692e(5) provides that a debt collector violates FDCPA when it "threat[ens] to take any action that cannot legally be taken or that is not intended to be taken."

In addition, Medical Credit contends that the district court should have provided a more detailed instruction with respect to the meaning of "cannot legally be taken" in 15 U.S.C. § 1692e(5). Medical Credit does not identify where in the record it asked the district court for such an instruction.[7] In fact, as noted above, the appellants do not even identify where in the record the district court instructed the jury that a debt collector violates FDCPA when it threatens to take any action that cannot legally be taken. Therefore, we find no plain error in the district court's failure to give a more detailed instruction.

## F.    Disqualification

In light of our opinion affirming the judgment of the district court, and the fact that appellants have failed to explain how they were harmed by the failure of the district court to disqualify appellee's attorney, we can provide no meaningful relief. Therefore, we need not address the merits of the disqualification issue. 28 U.S.C. 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); cf. Johnson v. Bd. of County Comm'r, 85 F.3d 489, 492-93 (10th Cir. 1996) (holding that grant of disqualification is not moot where the "order rests on grounds that could harm [the attorney's] professional reputation"); Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir. 1989) (same).

---

[7]The only objection to the district court's 15 U.S.C. 1692e(5) instruction we were able to find in the record was as follows:
    "....under the e(5) prong of the instruction, the case law that we provided to the Court holds that the intent prong of proving an action that is not intended to be taken requires the plaintiff to prove that the action could be ruled out, and the instruction does not go that far, and to us  imposes a lesser standard than what the law requires"

8

**III.**
**CONCLUSION**

In light of the foregoing analysis, we AFFIRM.