**Joseph Steve DUARTE, Plaintiff,**

**v.**

**AGILENT TECHNOLOGIES, INC.,**
**a Delaware corporation,**
**Defendant.**

**No. CIV.A.04–B–0298(CBS).**

United States District Court,
D. Colorado.

Feb. 2, 2005.

Evan S. Lipstein, Lakewood, CO, George C. Aucoin, Jr., Mandeville, LA, for Plaintiff.

Thomas E.J. Hazard, Denver, CO, for Defendant.

**MEMORANDUM OPINION**
**AND ORDER**

BABCOCK, Chief Judge.

This case is before me on Defendant's Motion to Strike Plaintiff's Jury Demand. After consideration of the motion, Plaintiff's response, and the case file, I deny Defendant's motion for the following reasons.

**I. Background**

Plaintiff is a reserve officer with the United States Marine Corps who was deployed for active duty in Kuwait and Iraq for approximately eight months beginning

in November of 2002. Upon completing his tour of duty in July of 2003, Plaintiff was reinstated to his position as a design consultant for Defendant, but was then terminated in November of 2003.

In his Complaint, Plaintiff alleges that Defendant's actions in terminating his employment violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (the "USERRA"), 38 U.S.C. § 4301, *et seq.* Plaintiff seeks relief in the form of "damages, punitive and/or liquidated damages, and attorney's fees, together with legal interest ... plus all costs ... and for such other legal and equitable relief as the Court shall deem necessary and proper."

Plaintiff has demanded that his USERRA claim be tried to a jury. By the motion, Defendant seeks to strike this demand on the basis that Plaintiff is not entitled to a jury trial on his claim under either the USERRA or the Seventh Amendment to the United States Constitution. I disagree.

## II. Analysis

■ There is no provision under the USERRA which expressly provides aggrieved parties with the right to a jury trial. Plaintiff may nonetheless be entitled to a jury trial under the Seventh Amendment. *Bowdry v. United Airlines, Inc.,* 58 F.3d 1483, 1489 (10th Cir.1995). The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The right to a jury trial guaranteed by the Seventh Amendment includes both common-law causes of action recognized in 1791, as well as suits in which legal as opposed to equitable rights are to be determined. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990).

■ Numerous courts have held that there was no right to a jury trial under prior veterans' reemployment rights statutes. *See e.g. Troy v. Hampton,* 756 F.2d 1000, 1003 (4th Cir.1985), *cert. denied sub nom. Blackmon v. Observer Transp. Co.,* 474 U.S. 864, 106 S.Ct. 182, 88 L.Ed.2d 151 (1985) (claims under Veteran Reemployment Rights Act are equitable in nature and must be tried to the court). *But see Steffen v. Farmers Elevator Serv. Co.,* 109 F.Supp. ·16, 20 (D.Iowa 1952) (veteran seeking money damages under Veterans' Re–Employment Act was entitled to a jury trial). Typically, this authority would be instructive in interpreting the USERRA's provisions. *See* USERRA, H.R.Rep. No. 103–65, 103rd Cong., 1st Sess.1993, 1994 U.S.C.C.A.N. 2449, 2452. There is, however, a key distinction between the damages available under the USERRA and prior veterans' reemployment rights statutes that limit the applicability of this authority in the context of Defendant's motion.

Under the USERRA, a plaintiff may be awarded reinstatement, lost wages or benefits, and/or liquidated damages in an amount equal to the plaintiff's lost wages or benefits if the employer's failure to comply with the USERRA was willful. 38 U.S.C. § 4323(c)(1)(A). This latter remedy of liquidated damages was not available under prior veterans' reemployment rights statutes. *See* 38 U.S.C. § 2022 (1991). In *Spratt v. Guardian Auto. Prods.,* 997 F.Supp. 1138, 1141 (N.D.Ind.1998), the court found that this distinction was significant because the Seventh Circuit had previously held that actions seeking liquidated damages provided by statute are "suits at common law" for purposes of the Seventh Amendment right to a jury trial. The court in *Spratt* further found that liquidated damages predicated on a finding of willfulness as provided by the USERRA

were punitive in nature and therefore constituted a legal remedy. *Id.* at 1142.

Defendant urges me not to apply the analysis in *Spratt* in this case on the basis that it is inconsistent with Tenth Circuit legal precedent. I am aware of no Tenth Circuit authority holding that actions seeking liquidated damages provided by statute are "suits at common law" for purposes of the Seventh Amendment right to a jury trial. In this regard then, there is some merit to Defendant's argument against applying *Spratt* in this case. More problematic, however, is the issue of whether the liquidated damages available under the USERRA are properly characterized as punitive in nature. If so, Plaintiff's claim for these damages must be decided by a jury. *See Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (punitive damages are traditional form of relief awarded by courts of law).

Defendant argues that the liquidated damages available under the USERRA should not be characterized as punitive in nature based largely on *Jordan v. United States Postal Serv.,* 379 F.3d 1196, 1202 (10th Cir.2004), wherein the Tenth Circuit stated that liquidated damages under the Family and Medical Leave Act (the "FMLA"), like those under the Fair Labor Standards Act (the "FLSA"), are not properly characterized as a penalty. Neither the FMLA nor the FLSA, however, requires a finding a willfulness on the part of the defendant before liquidated damages may be awarded. *See* 29 U.S.C. § 2617; 29 U.S.C. § 216(b). For this reason, the USERRA's liquidated damages provision is instead analogous to that of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 626(b), which likewise requires a finding of willfulness on the part of the defendant.

The United States Supreme Court has recognized that liquidated damages under the ADEA are intended to be punitive in nature. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Since liquidated damages under the USERRA are likewise conditioned on a finding of willfulness and compensate plaintiffs above their actual injuries, I conclude that these damages are also punitive in nature. Accordingly, I further conclude that Plaintiff is entitled to a jury trial based on his claim for liquidated damages under the USERRA. In reaching this conclusion, I am mindful that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 79 L.Ed. 603 (1935).

Although I conclude that Plaintiff is entitled to a jury trial on his USERRA claim, I do so for different reasons than those urged by Plaintiff. Specifically, I find Plaintiff's argument that he is entitled to a jury trial based on his claim for lost wages unpersuasive in view of the case law interpreting prior veterans' reemployment rights statutes which likewise provided for the recovery of lost wages. Nonethless, for the reasons set forth above, Plaintiff is entitled to present his USERRA claim to a jury.

Accordingly, IT IS ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand is DENIED.